UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
TIMOTHY JOHN BANDURA,

                Plaintiff,

      -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 21-CV-783-FB

**BLOCK, Senior District Judge:**

      Plaintiff Timothy John Bandura ("Bandura") received disability benefits after the Social Security Administration's ("SSA's") denial of his application was vacated by stipulation and his case was reheard upon remand. Bandura's attorney, Anselmo A. Alegria ("Alegria"), now seeks approval of his contingency-fee agreement for 25% of his client's past-due benefits, or $14,463.50. Alegria's request for fees is granted contingent upon his refund of the fee award he previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

      18 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum;

1

(2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). To determine whether a requested fee award that falls within the 25% cap constitutes a windfall, the Court should consider: (i) the expertise and ability of counsel and whether they were particularly efficient; (ii) the nature and length of the professional relationship with the claimant, including any representation at the agency level; (iii) the satisfaction of the disabled claimant; and (iv) how uncertain it was that the case would result in an award of benefits along with the efforts required to achieve the successful outcome. *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Alegria's requested fee award is no greater than the 25% maximum allowed and there is no allegation of fraud or overreach. As to the windfall assessment, there are no objections to Alegria's expertise or the quality of his representation. He has represented Bandura since July 2020 after Bandura initially received an unfavorable decision at the administrative level, and there is no evidence to suggest that Bandura is unsatisfied with Alegria's representation or the outcome of the claim. Lastly, there was uncertainty as to whether Bandura would be found disabled, since his claim was initially denied. Alegria spent a reasonable 34.7 hours on Bandura's case, making his effective hourly rate $416.82 per hour. This is well within the range of hourly rates deemed reasonable by courts in this circuit. *See, e.g., Baron v. Astrue*, 311 F.

Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th 845, 856 (2d Cir. 2022) (finding reasonable a fee request at a de facto hourly rate of $1,556.98).

The Commissioner points out that there is a question as to whether Alegria's fee request was timely under Federal Rule of Civil Procedure 54(d)(2)(B). This Rule allows for fourteen days to file a request for attorney's fees, plus a three-day mailing period, to commence upon the claimant's receipt of his or her notice of benefits calculation. The parties disagree as to when the fourteen-day period began, but by either's calculation, Alegria's request is at most five days late. During the period in question, Alegria actively followed up with the SSA on more than one occasion to inquire if he would receive a Notice of Award—the typical notice that begins the fourteen-day period. When the SSA informed Alegria that he would not, and instead the Notices of Change of Benefits sent to plaintiff would serve as notice in this instance, Alegria submitted his fee request the following day.

Rule 54's "fourteen-day limitations period is not absolute." *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89. Courts may toll the filing period where, as here, circumstances justify doing so. *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019) (holding that "district courts may enlarge th[e] filing period where circumstances warrant."). Because Alegria actively followed up with the SSA during the limitations period and timely filed his request once he received an answer from

3

the SSA, which resulted in a delay of only a handful of days, and because he has otherwise diligently represented his client in this matter, the Court finds it appropriate to enlarge the filing period in this case.

Therefore, the Court approves disbursement of the fee award to Alegria in the amount requested. However, because he previously received a $7,500 fee award under the EAJA, he must first refund this amount to Bandura as required by the statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)). Contingent upon Alegria's refund of $7,500 to Bandura, the Commissioner of Social Security is ordered to disburse $14,463.50 to Alegria.

      _/S/ Frederic Block_____
      FREDERIC BLOCK
      Senior United States District Judge

Brooklyn, New York
April 19, 2023

4